**NOT FOR PUBLICATION**

**POSTED TO THE WEBSITE**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>KENNETH GENE WILKINSON,<br><br><br>Debtor. | Case No. 24-24334-A-13 |
| KENNETH G. WILKINSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE CORPORATION, et al.,<br><br>Defendants. | Adv. No. **25-02061**<br><br>**Memorandum Regarding Order to Show Cause, FEC-5** |

Argued and submitted on September 9, 2025

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances:     Kenneth Wilkinson, in propria persona; Kelly G.
Wilkinson, in propria persona; Jillian Benbow,
Aldridge Pite LLP for Aldridge Pite LLP; and Kathryn
A. Moorer, Wright, Finley & Zalk, LLP for PHH Mortgage
Corporation, Western Progressive Trustee, LLC; Bank of
New York Mellon Trust Company, N.A.; JP Morgan Chase,
as Trustee for Residential Asset Mortgage Products,
Inc; Mortgage Asset-Backed Pass-Through Certificates,
Series 2003-RP-1; and Wright, Finlay & Zak, LLP

This is an order to show cause issued for a lack of civility, by the pro se male plaintiffs against female defense counsel. Acts include: (1) sending defense counsel a cartoon character engaged in unseemly behavior, *viz.*, physical violence and sexual harassment; and (2) ad hominem attacks in pleadings, e.g., "unfit for the profession, and [she] belongs behind a McDonalds counter or in a prison cell." Should the court sustain the order to show cause?

**I.    FACTS**

Kenneth G. Wilkinson and Kelly G. Wilkinson ("plaintiffs Wilkinson") are engaged in a dispute with the holders of the note and deed of trust against the home in which they reside, 3961 Nugget Lane, Placerville, California ("the property"). The Wilkinsons reside on the property.

Lei Anne Wilkinson acquired the property. Ex. A & B, Mot. Dismiss Compl. ECF No. 14. In 1999, Lei Anne Wilkinson executed a promissory note in the amount of $136,000 and deed of trust against the property in favor of BYL Bank. *Id.* at Ex. C. Over time, the promissory note and deed of trust were assigned to other financial institutions, terminating with the Bank of New York Mellon Trust Company. *Id.* at D-I.

In 2020, Lei Anne Wilkinson died. Findings and Recommendations 2:12, *Wilkinson v. PHH Mortgage Corporation et al.*, No. 2:24-cv-1416 (E.D. Cal. February 20, 2025), adopted Order ECF No. 31. Her ashes are scattered on the property. Kelly Wilkinson decl. ¶¶ 4, 6, ECF No. 28: Kenneth Wilkinson ¶ 2, ECF No. 29. Thereafter, the property passed to the plaintiffs Wilkinson. Findings and Recommendations 2:12, *Wilkinson*, 2:24-cv-1416.

In 2021, the loan went into default for non-payment. *Id.* at

2:13-14.  Thereafter, Western Progressive, LLC, acting as the trustee for the Bank of New York Mellon, issued a Notice of Default and Election to Sell.  Ex. J., Mot. to Dismiss Compl., ECF No. 14.

In the spring of 2024, Western Progressive, LLC recorded its Notice of Trustee's Sale.  Ex. K, Mot. Dismiss Compl. ECF No. 14.  The sale was scheduled for May 2024.

Thereafter, Kenneth G. Wilkinson and Kelly G. Wilkinson filed an action in the United States District Court against PHH Mortgage Corporation and Western Progressive, LLC. Compl. ECF No. 1.  The complaint contended that defendants PHH Mortgage Corporation and Western Progressive, LLC were "attempting to enforce a void mortgage contract" and included causes of action for breach of contract, breach of the covenant of good faith and fair dealing, injunctive relief, and quiet title.  Am. Compl., ECF No. 10.  Defendants PHH Mortgage Corporation and Western Progressive, LLC moved to dismiss the complaint.  Kathryn Anne Moorer and Wright Finlay & Zak, LLP were counsel of record for the defendants.  Finding a lack of standing on the part of Kenneth G. Wilkinson and Kelly G. Wilkinson, the District Court dismissed the complaint without leave to amend. Findings and Recommendations 2:12, *Wilkinson v. PHH Mortgage Corporation*, No. 2:24-cv-1416 (E.D. Cal. February 20, 2025), adopted Order ECF No. 31.

On September 26, 2024, Western Progressive, LLC conducted the foreclosure sale for the property and the holder of the note and deed of trust, Bank of New York Mellon Trust Company was the successful bidder.  Ex. L, Mot. Dismiss Compl. ECF No. 14.

On September 27, 2024, the day following the foreclosure sale, Kenneth G. Wilkinson filed a Chapter 13 bankruptcy petition.  Schedule A/B listed the single-family home located at 3961 Nugget Lane,

Placerville and described its value as $325,000.  Schedule A/B, ECF
No. 20.  Schedule D listed a secured debt against the property of
$267,302 in favor of PHH Mortgage Corporation.  Schedule D, ECF No.
20.  Western Progressive, LLC and Bank of New York Mellon were also
listed as secured creditors.  Notwithstanding the foreclosure sale on
the day prior to filing bankruptcy, Kenneth G. Wilkinson answered "No"
to the question: "Within 1 year before you filed for bankruptcy, was
any of your property repossessed, foreclosed, garnished, attached,
seized, or levied?"  Statement of Financial Affairs No. 10, ECF No.
21.  The debtor has proposed, but not confirmed, a plan.

On December 5, 2024, Western Progressive, LLC recorded the
Trustee's Deed Upon Sale in favor of the Bank of New York Mellon Trust
Company.  Ex. L, Mot. Dismiss Compl. ECF No. 14.

Thereafter, the plaintiffs Wilkinson brought the instant
adversary proceeding against PHH Mortgage Corporation; Western
Progressive, LLC; Wright, Finlay & Zak, LLP, Bank of New York Mellon
Trust, and Aldridge Pite LLP.  The complaint pleads causes of action
for declaratory relief; unconscionable contract, violation of the Fair
Debt Collections Practices Act, failure of consideration, and
violation of the stay.

The defendants have moved to dismiss the complaint under Rule
12(b)(6); the plaintiffs oppose those motions, which remain pending.

On or about August 8, 2025, Wright, Finlay & Zak, LLP received a
Federal Express delivery from Kenneth G. Wilkinson and Kelly G.
Wilkinson, which contained: (1) a Reply Brief to the Counter-Motion
for Terminating Sanctions; and (2) a cartoon character engaged in
unseemly behavior.  Moorer decl., ECF No. 70.

4

**II.  PROCEDURE**

This court issued an order to show cause against the plaintiffs Wilkinson for that cartoon.  Order, ECF No. 81.  This court described the cartoon and inferences therefrom as follows:

> Having reviewed this cartoon and the manner in which it was conveyed to attorney Moorer, viz., beyond the court's horizon, this the court believes that bad faith in the form of intimidation and sexual harassment, on the part of Kenneth G. Wilkinson and Kelly G. Wilkinson exists, to wit: (A) a threat of physical violence against attorney Kathryn A. Moorer, i.e., her image depicted within flames; (B) vulgar behavior denigrating her reputation as a member of the bar, viz., (depicting a male character relieving himself on her image coupled with the words "Moorer's career after [the instant adversary]"; and (C) sexual harassment based on gender (the court infers that the cartoon character represents one, or both, of the Wilkinsons).

*Id.*

Plaintiffs Wilkinson filed 50-page opposition.  Oppos., ECF No. 91.  Though nominally acknowledging their inappropriate behavior ("deepest and most sincere apologies," *id.* at 1:26-27), it includes further ad hominem attacks on defense counsel: (1) describing attorney Moorer as "unfit for the profession, and [she] belongs behind a McDonalds counter or in a prison cell," *id.* at 7:232-23; (2) describing defendants and defense counsel as "salivating, manipulative, professional predators," *id.* at 19:3, and "dirty, rotten, crafty, corrupt, hardened career criminals, id. at 19:10; and (3) the actions of Moorer's supervising attorney as "a cold, calculated decision by the puppeteer to cut the strings of his own marionette and let Ms. Moorer hang, hoping her thrashing corpse and the thick smoke from the fire." *Id.* at 8:3-5.

**III.  JURISDICTION**

This court has jurisdiction.  28 U.S.C. §§ 1334(a)-(b), 157(b);

see also General Order No. 182 of the Eastern District of California. All matters fall within the bankruptcy court's core jurisdiction, 28 U.S.C. § 157(a) (arising "under title 11" or "arising in" cases under title 11).  Jurisdiction is core.  § 28 U.S.C. § 157(b)(2)(A), (O); *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *In re Rainbow Magazine*, Inc., 77 F.3d 278, 284 (9th Cir. 1996); *In re 350 Encinitas Invs., LLC*, No. CIV 06CV2085 WQH POR, 2007 WL 2669546, at *9 (S.D. Cal. Sept. 6, 2007), aff'd, 313 F. App'x 70 (9th Cir. 2009).

**IV.   LAW**

Courts of the United States have the power to control proceeding(s) before them, *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); that authority extends to the issuance of sanctions in appropriate cases.  *Id.*  That authority extends to bankruptcy courts issuing corrective sanctions, *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284 (9th Cir. 1996).

As a result, this court has the power to sanction parties for bad faith conduct, including actions occurring outside the court's presence, *In re De Jesus Gomez*, 592 B.R. 698, 704 (B.A.P. 9th Cir. 2018); *City of Carlsbad*, 2021 WL 2779576 (S.D. Cal. 2021) (sending letters to opposing counsel referring to him as a "low class thug," a "disgrace to the human race," and an "unmitigated liar and a cheat"); *Raya v. Barka*, 2023 WL 11994286 *3 (S.D. Cal. 2023); *Centeno v. Doe v. Los Angeles Travelodge*, 2009 WL 5227898 (C.D. Cal. 2009).  Bad faith means "conduct tantamount to bad faith, or recklessness with an "additional factor such as frivolousness, harassment, or an improper

1   purpose," *De Jesus Gomez*, 592 B.R. at 704; it includes "crude, vulgar

2   and threatening" words, *Fid. Nat'l Title Ins. Co. v. Intercounty Title*

3   *Ins. Co.*, 2002 U.S. Lexis 11915 (N.D. Il. 2002); *Ransom v. Herrera*,

4   No. 111CV01709LJOEPGPC, 2018 WL 3923641, at *2 (E.D. Cal. Aug. 14,

5   2018).

6       Sanctions may include dismissal of the case in its entirety,

7   barring witnesses or excluding evidence, awarding attorney's fees or

8   assessing fines, Raya, 2023 WL 11994286 *2.

9   **V.**   **DISCUSSION**

10       In most instances, progressive sanctions, starting with a

11   warning, are the most favored manner of resolving lack of civility in

12   or outside the courtroom. *Ransom v. Herrera*, No. 111CV01709LJOEPGPC,

13   2018 WL 3923641, at *2 (E.D. Cal. Aug. 14, 2018).

14       In this case, the court will warn, but not otherwise sanction,

15   the plaintiffs Wilkinson. In doing so, the court notes that these are

16   pro se plaintiffs who are trying to retain their long-standing

17   residence. And the court assumes that the stress of the situation

18   resulted in a hiatus in their otherwise good judgment and civil

19   behavior. The court also notes a nominal, albeit very weak,

20   acknowledgement that their behavior was inappropriate.

21   **VI.**   **CONCLUSION**

22       The order to show cause is discharged without the imposition of

23   sanctions. The plaintiffs Wilkinson are admonished that no additional

24   acts of incivility will be tolerated and that further violations will

25   almost certainly result in monetary and/or more severe sanctions.

26   **Dated:** September 15, 2025

27

28                                             **Fredrick E. Clement**
                                                  **United States Bankruptcy Judge**

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

| Plaintiff(s) | Attorney for the Defendant(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |