**NOT FOR PUBLICATION**

**POSTED TO THE WEBSITE**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:

KENNETH G. WILKINSON,

         Debtor.

Case No. 24-24334-A-13

---

KENNETH G. WILKINSON, et al.,

         Plaintiffs,

    v.

PHH MORTGAGE CORPORATION, et al.,

         Defendants.

Adv. No. **25-02061**

**Memorandum Regarding Motions for Order Imposing Sanctions and Disqualifying Opposing Counsel, ECF No. 24**

Argued and submitted on August 19, 2025

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances: Kenneth Wilkinson, in propria persona; Kelly G. Wilkinson, in propria persona; Jillian Benbow, Aldridge Pite LLP for Aldridge Pite LLP; and Kathryn A. Moorer, Wright, Finley & Zalk, LLP for PHH Mortgage Corporation, Western Progressive Trustee, LLC; Bank of New York Mellon Trust Company, N.A.; JP Morgan Chase, as Trustee for Residential Asset Mortgage Products, Inc; Mortgage Asset-Backed Pass-Through Certificates, Series 2003-RP-1; and Wright, Finlay & Zak, LLP

Father and son homeowners, acting propria persona, seek to sanction and disqualify two opposing law firms who represent a foreclosing lender, and ancillary players, from acting in the present adversary proceeding. In support of their motion, they cite the firms' "legally frivolous arguments" and "direct, factual misrepresentations" and their status as "indispensable" witnesses in the action. Should the court grant the motion?

**I.    FACTS**

Kenneth G. Wilkinson and Kelly G. Wilkinson ("plaintiffs Wilkinson") are engaged in a dispute with the holders of the note and deed of trust against the home in which they reside, 3961 Nugget Lane, Placerville, California ("the property"). The Wilkinsons reside on the property.[1]

Lei Anne Wilkinson acquired the property. Ex. A & B, Mot. Dismiss Compl. ECF No. 14. In 1999, Lei Anne Wilkinson executed a promissory note in the amount of $136,000 and deed of trust against the property in favor of BYL Bank. *Id.* at Ex. C. Over time the promissory note and deed of trust were assigned to other financial institutions, terminating with the Bank of New York Mellon Trust Company. *Id.* at D-I.

In 2020, Lei Anne Wilkinson died. Findings and Recommendations 2:12, *Wilkinson v. PHH Mortgage Corporation et al.*, No. 2:24-cv-1416 (E.D. Cal. February 20, 2025), adopted Order ECF No. 31. Her ashes are scattered on the property. Kelly Wilkinson decl. ¶¶ 4, 6, ECF No.

---

[1] For the most part, the motions are unsupported by relevant evidence. See Kenneth G. Wilkson decl., ECF No. 29; Kelly G. Wilkinson decl., ECF No. 28. The court has gleaned the following facts from the record and ancillary filings. For the purpose of context only, the court takes judicial notice of facts contained in the ancillary filings. Fed. R. Evid. 201.

2

28: Kenneth Wilkinson ¶ 2, ECF No. 29. Thereafter, the property passed to the plaintiffs Wilkinson. Findings and Recommendations 2:12, *Wilkinson*, 2:24-cv-1416.

In 2021, the loan went into default for non-payment. *Id.* at 2:13-14. Thereafter, Western Progressive, LLC, acting as the trustee for the Bank of New York Mellon, issued a Notice of Default and Election to Sell. Ex. J., Mot. to Dismiss Compl., ECF No. 14.

In the spring of 2024, Western Progressive, LLC recorded its Notice of Trustee's Sale. Ex. K, Mot. Dismiss Compl. ECF No. 14. The sale was scheduled for May 2024.

Thereafter, Kenneth G. Wilkinson and Kelly G. Wilkinson filed an action in the United States District Court against PHH Mortgage Corporation and Western Progressive LLC. Compl. ECF No. 1. The complaint contended that defendants PHH Mortgage Corporation and Western Progressive LLC were "attempting to enforce a void mortgage contract" and included causes of action for breach of contract, breach of the covenant of good faith and fair dealing, injunctive relief, and quiet title. Am. Compl., ECF No. 10. Defendants PHH Mortgage Corporation and Western Progressive LLC moved to dismiss the complaint. Kathryn Anne Moorer and Wright Finlay & Zak, LLP were counsel of record for the defendants. Finding a lack of standing on the part of Kenneth G. Wilkinson and Kelly G. Wilkinson, the district court dismissed the complaint without leave to amend. Findings and Recommendations 2:12, *Wilkinson v. PHH Mortgage Corporation*, No. 2:24-cv-1416 (E.D. Cal. February 20, 2025), adopted Order ECF No. 31.

On September 26, 2024, Western Progressive, LLC conducted the foreclosure sale for the property and the holder of the note and deed of trust, Bank of New York Mellon Trust Company was the successful

bidder. Ex. L, Mot. Dismiss Compl. ECF No. 14.

On September 27, 2024, the day following the foreclosure sale, Kenneth G. Wilkinson filed a Chapter 13 bankruptcy petition. Schedule A/B listed Single-family home located at 3961 Nugget Lane, Placerville and described its value as $325,000. Schedule A/B, ECF No. 20. Schedule D listed a secured debt against the property of $267,302 in favor of PHH Mortgage Corporation. Schedule D, ECF No. 20. Western Progressive LLC and Bank of New York Mellon were also listed as secured creditors. Notwithstanding the foreclosure sale on the day prior to filing bankruptcy, Kenneth G. Wilkinson answered "No" to the question: "Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?" Statement of Financial Affairs No. 10, ECF No. 21. The debtor has proposed, but not confirmed, a plan.

On December 5, 2024, Western Progressive, LLC recorded the Trustee's Deed Upon Sale in favor of the Bank of New York Mellon Trust Company. Ex. L, Mot. Dismiss Compl. ECF No. 14.

Thereafter, the plaintiffs Wilkinson brought the instant adversary proceeding against PHH Mortgage Corporation; Western Progressive, LLC; Wright, Finlay & Zak, LLP, Bank of New York Mellon Trust, and Aldridge Pite LLP. The complaint pleads causes of action for declaratory relief; unconscionable contract, violation of the Fair Debt Collections Practices Act, failure of consideration, and violation of the stay. As to the first four causes of action, i.e. those relating to the 1999 loan against the property, the plaintiffs contend:

> 1.1. COMPLAINANTS KENNETH G. WILKINSON and KELLY G. WILKINSON, private heirs and sole beneficiaries to Lei Anne Wilkinson, assert a protected proprietary interest in the

4

> residential property located at 3961 Nugget Lane, Placerville, California Republic (the "Property").
>
> 1.2. This interest includes lawful right of habitation, inheritance, and right of possession, secured under the Civil Rights Act of 1866, the Ninth and Tenth Amendments to the Constitution for the United States of America, and common law heirship.
>
> 1.3. The non-judicial foreclosure initiated and actions taken by DEFENDANTS constitute an unconscionable deprivation of COMPLAINANTS' substantive right to shelter, unsupported by contract, judicial authority, or verified standing by Defendants.
>
> 1.4. At its core, this action challenges the extinguishment of COMPLAINANTS' unalienable and substantive right to shelter through an extra-judicial, corporate-driven process based on a transaction alleged to be void and unconscionable from its inception, in direct contravention of fundamental constitutional protections.

Compl. ¶¶ 1.1-1.4, ECF No. 1.

As to the fifth cause of action, *viz.*, violation of the stay, the plaintiffs Wilkinson contend:

> 6.28. Despite the automatic stay being in full force and effect, and with full knowledge thereof, Defendant BYNM, acting by and through its agents, which may include Defendants WP, PHH, WFZ and/or APL, *willfully violated the automatic stay by causing the recordation of the Trustee's Deed Upon Sale (or similar instrument purporting to effectuate the pre-stay foreclosure sale of September 26, 2024) concerning the Property on or about December 5, 2024*, in the official records of El Dorado County, 9 California Doc# 2024-0035609.
>
> 6.29. This act of recording the Trustee's Deed Upon Sale during the pendency of the automatic stay II constituted an unlawful act to exercise control over property of the estate, an act to perfect a lien against property of the estate, and an act to enforce a pre-petition claim against the Debtor and property of the estate, all in direct violation of 11 U.S.C. § 362(a).

Compl. ¶¶ 6.28-6.29, ECF No. 1 (emphasis added).

The defendants have moved to dismiss the complaint under Rule 12(b)(6); the plaintiffs oppose those motions, which remain pending.

**II. PROCEDURE**

The Wilkinsons move for an order: (1) imposing sanctions against defendants Wright, Finlay & Zak, LLP and Aldridge Pite LLP for "legally frivolous arguments" and "direct, factual misrepresentations," Mot. 2:3-13, ECF No. 24; Fed. R. Bankr. P. 9011; 28 U.S.C. § 1927; and (2) disqualifying those firms representing the other defendants because they are "indispensable" witnesses in the action, Mot. 6:4-9, ECF No. 24.

**III. JURISDICTION**

This court has jurisdiction. 28 U.S.C. §§ 1334(a)-(b), 157(b); see also General Order No. 182 of the Eastern District of California. Excepting 28 U.S.C. § 1927, all matters fall within the bankruptcy court's core jurisdiction, 28 U.S.C. § 157(a) (arising "under title 11" or "arising in" cases under title 11) as to the: (1) motion for sanctions, see 28 U.S.C. § 157(b)(2)(O); 11 U.S.C. § 105(a), Fed. R. Bankr. P. 9011; *In re La Casa de la Raza, Inc.*, No. 9:16-BK-10331-PC, 2017 WL 3661624, at *2 (Bankr. C.D. Cal. Aug. 21, 2017); and (2) motion to disqualify, 28 U.S.C. § 157(b)(2)(O); *In re Johore Inv. Co. (U.S.A.), Inc.*, 157 B.R. 671, 674 (D. Haw. 1985).

**IV. DISCUSSION**

    **A. Rule 9011**

Federal Rule of Bankruptcy Procedure 9011 contains a 21-day safe harbor. Fed. R. Bankr. P. 9011(c)(2)(B). That rule requires a moving party to serve the motion for sanctions on the opposing party and/or counsel 21 days prior to filing it. *Id.* Doing so gives the target firm or party an opportunity to correct its missteps, if any, and insulate itself from sanctions.

Failure to comply with the safe harbor provision precludes this

court from granting relief. *Barber v. Miller*, 146 F.3d 707, 709 (9th Cir. 1998) (Rule 11); *Truesdell v. S. California Permanente Med. Grp.*, 293 F.3d 1146, 1148 (9th Cir. 2002); *In re Crystal Cathedral Ministries*, No. 2:12-BK-15665-RK, 2020 WL 1649619, at *23 (Bankr. C.D. Cal. Mar. 31, 2020), aff'd, No. 2:12-BK-15665-RK, 2021 WL 2182975 (B.A.P. 9th Cir. May 28, 2021) (Rule 9011). Here, the motion was served on July 14, 2025, Certificate of Service, ECF No. 31; it was filed one day later, July 15, 2025. That said, the movant has failed to comply with the safe harbor provision and must be denied.

**B.    28 U.S.C. § 1927**

In the alternative, the movant points to § 1927.

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Movants overlook well-established precedent that hold that bankruptcy courts lack authority to act under § 1927. *In re Sandoval*, 186 B.R. 490, 495 (B.A.P. 9th Cir. 1995); *In re Courtesy Inns, Ltd., Inc.*, 40 F.3d 1084, 1085 (10th Cir. 1994). As a result, the motion will be denied.

**C.    Disqualification of Opposing Counsel**

This court has authority to disqualify opposing counsel where a conflict of interest exists. *Schiessle v. Stephens*, 717 F.2d 417, 418 (7th Cir. 1983). The movant bears the burden of proof. *Hernandez v. Guglielmo*, 796 F. Supp. 2d 1285, 1289 (D. Nev. 2011)

> The movant bears the burden of establishing facts to justify disqualification. *A court may disqualify an attorney from representing a party when there is (1) a clear violation of the professional rules of conduct (2)*

7

> *that affects the public view of the judicial system or the integrity of the Court and (3) is serious enough to outweigh the party's interest in having the counsel of its choice.* The concerns identified in the motion to disqualify must not be "merely anticipatory and speculative." "Given the seriousness of the matter, the movant has a 'high standard of proof to meet in order to prove that counsel should be disqualified.'

*Playup, Inc. v. Mintas*, No. 221CV02129GMNNJK, 2023 WL 349499, at *1 (D. Nev. Jan. 20, 2023) (emphasis added; citations omitted).

State law provides the rule of decision. *McMahon v. Whitney*, No. 2:23-cv-01972-KJM-JDP, 2024 WL 1311788, at *2 (E.D. Cal. Mar. 26, 2024); *Persinger v. Cnty. of Placer*, No. 2:24-CV-02967-DAD-CSK, 2025 WL 1993222, at *3 (E.D. Cal. July 17, 2025).

The Rules of Professional Conduct describe the circumstances in which an attorney may and may not appear both as counsel and as a witness in the same action.

> (a) A lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless:
>
> (1) the lawyer's testimony relates to an uncontested issue or matter;
>
> (2) the lawyer's testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) the lawyer has obtained informed written consent* from the client...
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm* is likely to be called as a witness unless precluded from doing so by rule 1.7 [current clients] or rule 1.9 [duties to former clients].[2]

California Rule of Professional Conduct 3.7.

Here, there is no clear violation of the California Rules of Professional Conduct, *Playup, Inc.*, 2023 WL 349499 at *1.

---

[2] It appears that both California Rule of Professional Conduct 1.7 and 1.9 are inapplicable.

8

There is not a per se disqualification of counsel from acting as counsel or record and as a witness. Movants seek to disqualify entire firms, not individual attorneys. Mot. 1:25-2:2, ECF No. 24. But in most cases, it is entirely permissible for one attorney within a firm to act as counsel of record and another attorney to serve as a witness. Rule 3.7(b).

Moreover, even when a single attorney acts as both an attorney and as a witness, at least three exceptions to the disqualification rule exist: (1) uncontested matters; (2) the value or nature of services rendered; and (3) contested matters for which informed written consent of the client is obtained.

Finally, an independent review of the record does not support that either firm or any of its attorneys are "indispensable" witnesses. As to the first four causes of action, *viz.*, that the note and deed of trust void, the complaint arises from events that occurred 26 years ago. Mem. P.& A., 16:9-20, ECF No. 30. As to the fifth cause of action, i.e., violation of the stay by recordation of the Trustee's Deed Upon Sale on December 5, 2024, the evidence in support of the law firms' involvement is weak. Compare, Verified Compl. ¶¶ 6.25-6.28, ECF No. 1 (firms "may" have been involved) with Kenneth G. Wilkinson decl., ECF No. 29 (omitting any reference to firm involvement) and Kelly G. Wilkinson decl., ECF No. 28 (same) and Trustee's Deed Upon Sale, ECF No. 14 (indicating that the recording was requested by Premium Title of California).

Having failed to sustain their burden of proof, the motions will be denied.

/

/

**V.  CONCLUSION**

For each of these reasons, the court will deny the motions.  An order will issue from chambers.

Dated: September 16, 2025

_____
Fredrick E. Clement
United States Bankruptcy Judge

10

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC, if checked ____, via the U.S. mail.

| **Plaintiff**(s) | **Attorneys for the Defendant**(s) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |