Filed 09/16/25    Case 25-02061    Doc 121

**NOT FOR PUBLICATION**

**POSTED TO THE WEBSITE**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>KENNETH G. WILKINSON,<br><br>          Debtor. | Case No. 24-24334-A-13 |
| KENNETH G. WILKINSON, et al.,<br><br>          Plaintiffs,<br>     v.<br>PHH MORTGAGE CORPORATION, et al.,<br><br>          Defendants. | Adv. No. **25-02061**<br><br>**Memorandum Regarding Motion to Strike Appearances and Pleadings, ECF No. 23** |

Argued and submitted on August 19, 2025

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances: Kenneth Wilkinson, in propria persona; Kelly G. Wilkinson, in propria persona; Jillian Benbow, Aldridge Pite LLP for Aldridge Pite LLP; and Kathryn A. Moorer, Wright, Finley & Zalk, LLP for PHH Mortgage Corporation, Western Progressive Trustee, LLC; Bank of New York Mellon Trust Company, N.A.; JP Morgan Chase, as Trustee for Residential Asset Mortgage Products, Inc; Mortgage Asset-Backed Pass-Through Certificates, Series 2003-RP-1; and Wright, Finlay & Zak, LLP

1     Father and son homeowners, acting propria persona, seek to strike
2 the appearances of two opposing law firms who represent a foreclosing
3 lender, and all pleadings filed by those firms.  In support of their
4 motion, they cite the firms' lack of proof of authority to act and
5 their status as "indispensable" witnesses in the action.  Should the
6 court grant the motion?

**I.   FACTS**

    Kenneth G. Wilkinson and Kelly G. Wilkinson ("plaintiffs Wilkinson") are engaged in a dispute with the holders of the deed of trust against the home in which they reside, 3961 Nugget Lane, Placerville, California ("the property").  The Wilkinsons reside on the property.[1]

    Lei Anne Wilkinson acquired the property.  Ex. A & B, Mot. Dismiss Compl. ECF No. 14.  In 1999, Lei Anne Wilkinson executed a promissory note in the amount of $136,000 and deed of trust against the property in favor of BYL Bank.  *Id.* at Ex. C.  Over time the promissory note and deed of trust were assigned to other financial institutions, terminating with the Bank of New York Mellon Trust Company.  *Id.* at D-I.

    In 2020, Lei Anne Wilkinson died.  Findings and Recommendations 2:12, *Wilkinson v. PHH Mortgage Corporation et al.*, No. 2:24-cv-1416 (E.D. Cal. February 20, 2025), adopted Order ECF No. 31.  Her ashes are scattered on the property.  Kelly Wilkinson decl. ¶¶ 4, 6, ECF No. 28; Kenneth Wilkinson ¶ 2, ECF No. 29.  Thereafter, the property

---

[1] For the most part, the motions are supported by relevant evidence.  See Kenneth G. Wilkson decl., ECF No. 29; Kelly G. Wilkinson decl., ECF No. 28.  The court has gleaned the following facts from the record and ancillary filings.  For the purpose of context only, the court takes judicial notice of facts contained in the ancillary filings.  Fed. R. Evid. 201.

2

passed to the plaintiffs Wilkinson. Findings and Recommendations 2:12, *Wilkinson*, 2:24-cv-1416.

In June 2021, the loan went into default for non-payment. *Id.* at 2:13-14. On December 23, 2023, Western Progressive, LLC, acting as the trustee for Bank of New York Mellon, issued its Notice of Default and Election to Sell. Ex. J., Mot. to Dismiss Compl., ECF No. 14.

In the spring of 2024, Western Progressive, LLC recorded its Notice of Trustee's Sale. Ex. K, Mot. Dismiss Compl. ECF No. 14. The sale was scheduled for May 23, 2024.

IN 2024, Kenneth G. Wilkinson and Kelly G. Wilkinson filed an action in the United States District Court against PHH Mortgage Corporation and Western Progressive LLC. Compl. ECF No. 1. The complaint contended that defendants PHH Mortgage Corporation and Western Progressive LLC were "attempting to enforce a void mortgage contract" and included causes of action for breach of contract, breach of the covenant of good faith and fair dealing, injunctive relief, and quiet title. Am. Compl., ECF No. 10. Defendants PHH Mortgage Corporation and Western Progressive LLC moved to dismiss the complaint. Kathryn Anne Moorer and Wright Finlay & Zak, LLP were counsel of record for the defendants. Finding a lack of standing on the part of Kenneth G. Wilkinson and Kelly G. Wilkinson, the district court dismissed the complaint without leave to amend. Findings and Recommendations 2:12, *Wilkinson v. PHH Mortgage Corporation*, No. 2:24-cv-1416 (E.D. Cal. February 20, 2025), adopted Order ECF No. 31.

On September 26, 2024, Western Progressive, LLC conducted the foreclosure sale for the property and the holder of the note and deed of trust, Bank of New York Mellon Trust Company was the successful bidder. Ex. L, Mot. Dismiss Compl. ECF No. 14.

3

1    On September 27, 2024, the day after the foreclosure sale,
2  Kenneth G. Wilkinson filed a Chapter 13 bankruptcy petition.  Schedule
3  A/B listed Single-family home 3961 Nugget Lane, Placerville and
4  described its value as $325,000.  Schedule A/B, ECF No. 20.  Schedule
5  D listed a secured debt against the property of $267,302 in favor of
6  PHH Mortgage Corporation.  Schedule D, ECF No. 20.  Western
7  Progressive LLC and Bank of New York Mellon were also listed as
8  secured creditors.  Notwithstanding the foreclosure sale on the day
9  prior to filing bankruptcy, Kenneth G. Wilkinson answered "No" to the
10 question: "Within 1 year before you filed for bankruptcy, was any of
11 your property repossessed, foreclosed, garnished, attached, seized, or
12 levied?"  Statement of Financial Affairs No. 10, ECF No. 21.  The
13 debtor has proposed, but not confirmed, a plan.
14    On December 5, 2024, Western Progressive, LLC recorded the
15 Trustee's Deed Upon Sale in favor of the Bank of New York Mellon Trust
16 Company.  Ex. L, Mot. Dismiss Compl. ECF No. 14.
17    On May 16, 2025, the plaintiffs Wilkinson brought the instant
18 adversary proceeding against PHH Mortgage Corporation; Western
19 Progressive, LLC; Wright, Finlay & Zak, LLP, Bank of New York Mellon
20 Trust, and Aldridge Pite LLP.  The complaint pleads causes of action
21 for declaratory relief; unconscionable contract, violation of the Fair
22 Debt Collections Practices Act, failure of consideration, and
23 violation of the stay.  As to the four causes of action, i.e. those
24 relating to the 1999 loan against the property, the plaintiffs
25 contend:

26     1.1. COMPLAINANTS KENNETH G. WILKINSON and KELLY G.
    WILKINSON, private heirs and sole beneficiaries to Lei Anne
27     Wilkinson, assert a protected proprietary interest in the
    residential property located at 3961 Nugget Lane,
28     Placerville, California Republic (the "Property").

4

      1.2. This interest includes lawful right of habitation, inheritance, and right of possession, secured under the Civil Rights Act of 1866, the Ninth and Tenth Amendments to the Constitution for the United States of America, and common law heirship.

      1.3. The non-judicial foreclosure initiated and actions taken by DEFENDANTS constitute an unconscionable deprivation of COMPLAINANTS' substantive right to shelter, unsupported by contract, judicial authority, or verified standing by Defendants.

      1.4. At its core, this action challenges the extinguishment of COMPLAINANTS' unalienable and substantive right to shelter through an extra-judicial, corporate-driven process based on a transaction alleged to be void and unconscionable from its inception, in direct contravention of fundamental constitutional protections.

Compl. ¶¶ 1.1-14, ECF No. 1.

As to the fifth cause of action, viz., violation of the stay, the plaintiffs Wilkinson contend:

      6.28. Despite the automatic stay being in full force and effect, and with full knowledge thereof, Defendant BYNM, acting by and through its agents, which may include Defendants WP, PHH, WFZ and/or APL, *willfully violated the automatic stay by causing the recordation of the Trustee's Deed Upon Sale (or similar instrument purporting to effectuate the pre-stay foreclosure sale of September 26, 2024) concerning the Property on or about December 5, 2024*, in the official records of El Dorado County, 9 California Doc# 2024-0035609.

      6.29. This act of recording the Trustee's Deed Upon Sale during the pendency of the automatic stay II constituted an unlawful act to exercise control over property of the estate, an act to perfect a lien against property of the estate, and an act to enforce a pre-petition claim against the Debtor and property of the estate, all in direct violation of 11 U.S.C. § 362(a).

Compl. ¶¶ 6.28-6.29, ECF No. 1 (emphasis added).

      The defendants have moved to dismiss the complaint under Rule 12(b)(6); the plaintiffs oppose those motions, which remain pending.

**II.　PROCEDURE**

      The Wilkinsons move for an order striking the law firm's appearance and all pleadings filed because: (1) defendants Wright,

Finlay & Zak, LLP and Aldridge Pite LLP have failed to respond to their demand for proof of their authority to act, Mot. 2:3:11, ECF No. 23; and (2) disqualifying those firms representing the other defendants because they are "indispensable" witnesses in the action, Mot. 3:20-4:27, ECF No. 23.

**III. JURISDICTION**

This court has jurisdiction. 28 U.S.C. §§ 1334(a)-(b), 157(b); see also General Order No. 182 of the Eastern District of California. All matters fall within the bankruptcy court's core jurisdiction, 28 U.S.C. § 157(a) (arising "under title 11" or "arising in" cases under title 11) as to the: (1) motion for sanctions, see 28 U.S.C. § 157(b)(2)(O); 11 U.S.C. § 105(a); and (2) motion to disqualify, 28 U.S.C. § 157(b)(2)(O); *In re Johore Inv. Co. (U.S.A.), Inc.*, 157 B.R. 671, 674 (D. Haw. 1985).

**IV. DISCUSSION**

Motions to strike are not authorized in a contested matter, Fed. R. Bankr. P. 9014(c)(1) (omitting Rule 7012(f)), and could be denied on that basis. But assuming that a Rule 12(f) motion was available to the plaintiffs, the court would deny the motion.

First, the presumption of authority to act has not been rebutted. An attorney's authority to act on behalf of a client is presumed. *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir.1992); *Terrain Enterprises, Inc. v. Western Casualty & Surety Co.*, 774 F.2d 1320, 1322 (5th Cir.1985), cert. denied, 475 U.S. 1121, 106 S.Ct. 1639, 90 L.Ed.2d 184 (1986); *Graves v. United States Coast Guard*, 692 F.2d 71, 74 (9th Cir.1982); *Dorey v. Dorey*, 609 F.2d 1128, 1131 n. 5 (5th Cir.1980); *Bethlehem Steel Corp. v. Devers*, 389 F.2d 44, 45 (4th Cir.1968); *Communist Party, U.S.A. v. Commissioner of Internal*

6

*Revenue*, 332 F.2d 325, 327-28 (D.C.Cir.1964; *Anderson v. Flexel*, Inc., 47 F.3d 243, 249-50 (7th Cir. 1995). That presumption may be rebutted; the moving party bears the burden of proof. *Feldman Inv. Co. v. Connecticut Gen. Life Ins. Co.*, 78 F.2d 838, 840 (10th Cir. 1935); *Hayes v. Eagle-Picher Indus.*, Inc., 513 F.2d 892, 893 (10th Cir.1975).

Here, the plaintiffs allege that they have overcome the presumption of authority; according to them, they did so by demanding proof of authority to act.

> The attorneys of WFZ and APL have entered this Court and demanded relief. We now demand that they first answer a simple question: "By what authority do you appear, and how can you ethically and legally represent anyone in a case where you are the key witnesses to the underlying wrongdoing?" Until they answer this with sufficient proof and resolve these disqualifying conflicts, their motions are unauthorized filings by conflicted strangers and must be stricken.

Mot. 2:7-11, ECF No. 23.

This court does not believe that a naked demand for proof of authority to act rebuts the presumption.

Second, the plaintiffs argue a disqualifying conflict of interest, by virtue serving as counsel and possibly being a witness, on the part of the defendants' law firms. By separate memorandum this court has rejected that argument.

**V. CONCLUSION**

For each of these reasons, the court will deny the motions. An order will issue from chambers.

Dated: September 16, 2025

_____
Fredrick E. Clement
United States Bankruptcy Judge

7

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC, if checked ____, via the U.S. mail.

| Plaintiff(s) | Attorneys for the Defendant(s) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |