**NOT FOR PUBLICATION**

**POSTED TO THE WEBSITE**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:

KENNETH G. WILKINSON,

         Debtor.

Case No. 24-24334-A-13

KENNETH G. WILKINSON, et al.,

         Plaintiffs,

   V.

PHH MORTGAGE CORPORATION, et al.,

         Defendants.

Adv. No. **25-02061**

**LIW-1; AP-1**

**Memorandum Regarding Defendants' Motions to Dismiss Complaint**

Argued and submitted on September 9, 2025

at Sacramento, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances: Kenneth Wilkinson, in propria persona; Kelly G. Wilkinson, in propria persona; Jillian Benbow, Aldridge Pite LLP for Aldridge Pite LLP; and Kathryn A. Moorer, Wright, Finley & Zalk, LLP for PHH Mortgage Corporation, Western Progressive Trustee, LLC; Bank of New York Mellon Trust Company, N.A.; JP Morgan Chase, as Trustee for Residential Asset Mortgage Products, Inc; Mortgage Asset-Backed Pass-Through Certificates, Series 2003-RP-1; and Wright, Finlay & Zak, LLP

Lender and its agents move to dismiss the plaintiffs' complaint against them. For the second time, homeowners have sued the defendants for breach of contract and torts arising from a note or deed of trust that they never executed. Their previous case was dismissed with prejudice for lack of standing. Plaintiffs also sue for a violation of the stay, which defendants admit. Should the court grant the defendant's motion, at least in part?

**I.　FACTS**

Kenneth G. Wilkinson and Kelly G. Wilkinson ("plaintiffs Wilkinson") are engaged in a dispute with the holders of the note and deed of trust against the home in which they reside, 3961 Nugget Lane, Placerville, California ("the property"). The Wilkinsons reside on the property.

Lei Anne Wilkinson acquired the property.[1] Ex. A & B, Mot. Dismiss Compl. ECF No. 14. In 1999, Lei Anne Wilkinson executed a promissory note in the amount of $136,000 and deed of trust against the property in favor of BYL Bank. Over time the promissory note and deed of trust were assigned to other financial institutions, terminating with the Bank of New York Mellon Trust Company.

In 2020, Lei Anne Wilkinson died. Thereafter, the property was passed to the plaintiffs Wilkinson.

In 2021, the loan went into default for non-payment.

---

[1] Plaintiffs Wilkinson's complaint makes reference to their action, *Wilkinson v. PHH Mortgage Corporation et al.*, No. 2:24-cv-1416 (E.D. Cal. 2024), against PHH Mortgage Corporation and Western Progressive, with specific reference to the complaint and its dismissal based on plaintiffs' lack of standing. Compl. §§ 5.11, 5.225.28. As a result, this court takes judicial notice of the following documents in the district court action: (1) Amended Complaint, ECF No. 10; (2) Findings and Recommendations, ECF No. 29; and (3) Order, ECF No. 31 (adopting findings and recommendations and dismissing case with prejudice).

1  Thereafter, Western Progressive, LLC, acting as the trustee for the
2  Bank of New York Mellon, issued a Notice of Default and Election to
3  Sell.
4     In the spring of 2024, Western Progressive, LLC recorded its
5  Notice of Trustee's Sale.
6      Thereafter, Kenneth G. Wilkinson and Kelly G. Wilkinson filed an
7  action in the United States District Court against PHH Mortgage
8  Corporation and Western Progressive LLC.  The complaint contended that
9  defendants PHH Mortgage Corporation and Western Progressive LLC were
10 "attempting to enforce a void mortgage contract" and included causes
11 of action for breach of contract, breach of the covenant of good faith
12 and fair dealing, injunctive relief, and quiet title.  Defendants PHH
13 Mortgage Corporation and Western Progressive LLC moved to dismiss the
14 complaint.  Finding a lack of standing on the part of Kenneth G.
15 Wilkinson and Kelly G. Wilkinson, the District Court dismissed the
16 complaint without leave to amend. Findings and Recommendations 2:12,
17 *Wilkinson v. PHH Mortgage Corporation*, No. 2:24-cv-1416 (E.D. Cal.
18 February 20, 2025), adopted by Order, ECF No. 31.
19    On September 26, 2024, Western Progressive, LLC conducted the
20 foreclosure sale for the property and the holder of the note and deed
21 of trust, Bank of New York Mellon Trust Company was the successful
22 bidder.  Compl. 9:12-17, ECF No. 1.
23    On September 27, 2024, the day following the foreclosure sale,
24 Kenneth Wilkinson filed a Chapter 13 bankruptcy petition.  Schedule
25 A/B listed the Nugget Lane property and described its value as
26 $325,000.  Schedule A/B, In re *Kenneth G. Wilkinson*, No. 24-24334
27 (Bankr. E.D. Cal. 2024), ECF No. 20.  Schedule D listed a secured debt
28 of $267,302.00 against the property in favor of PHH Mortgage

Corporation.  *Id.* at Schedule D, ECF No. 20.  Western Progressive, LLC and Bank of New York Mellon were also listed as secured creditors.  Notwithstanding the foreclosure sale on the day prior to filing bankruptcy, Kenneth G. Wilkinson answered "No" to the question: "Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?"  *Id.* at Statement of Financial Affairs No. 10, ECF No. 21.  The debtor has proposed, but not confirmed, a plan.

On December 5, 2024, Western Progressive, LLC recorded the Trustee's Deed Upon Sale in favor of the Bank of New York Mellon Trust Company.  Compl. 9:12-17, ECF No. 1; Ex. L, Mot. Dismiss Compl., ECF No. 14.

Thereafter, the plaintiffs Wilkinson brought the instant adversary proceeding against PHH Mortgage Corporation; Western Progressive, LLC; Wright, Finlay & Zak, LLP, Bank of New York Mellon Trust, and Aldridge Pite LLP.  The complaint pleads causes of action for declaratory relief; unconscionable contract, violation of the Fair Debt Collections Practices Act, failure of consideration, and violation of the stay.

**II.  PROCEDURE**

The defendants have each moved to dismiss the complaint under Rule 12(b)(6); the plaintiffs oppose those motions.  The court entertained argument and took the matter under submission.

**III.  JURISDICTION**

This court has jurisdiction.  28 U.S.C. §§ 1334(a)-(b), 157(b); see also General Order No. 182 of the Eastern District of California.  All matters fall within the bankruptcy court's core jurisdiction, 28 U.S.C. § 157(a) (arising "under title 11" or "arising in" cases under

4

title 11) as to the: (1) the first four causes of actions to determine the validity of the underlying note and deed of trust, § 28 U.S.C. § 157(b)(2)(L), (O),(b)(3)(notwithstanding that the rights arise under non-bankruptcy law); 11 U.S.C. § 1325(a)(5); *In re Oakhurst Lodge, Inc.*, 582 BR 784, 790 (Bankr. E.D. Cal. 2018); *In re Bataa/Kierland LLC*, (D AZ 2013) 496 B.R. 183, 188-189 (D. Ariz. 2013) (underlying contract dispute necessary to determine plan confirmation); *In re Charles Street African Methodist Episcopal Church of Boston*, 499 B.R. 66, 99-100 (Bankr. D. Mass. 2013); as to the fifth cause of action for stay violation, 28 U.S.C. § 157(b)(2)(A),(G),(O); *In re Zumbrun*, 88 B.R. 250, 253 (9th Cir. BAP 1988); *In re Sun West Distributors, Inc.*, 69 B.R. 861, 862 (Bankr. C.D. Cal. 1987); *In re Oakhurst Lodge, Inc.*, 582 B.R. 784, 791 (Bankr. E.D. Cal. 2018). The parties have not signaled their consent to final orders and judgments by this court. Fed. R. Bankr. P. 7008, 7012(b).

**IV.　LAW**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6), *incorporated by* Fed. R. Bankr. P. 7012(b). "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *accord Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

After *Iqbal* and *Twombly*, courts employ a three-step analysis in deciding Rule 12(b)(6) motions. At the outset, the court takes notice of the elements of the claim to be stated. *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). Next, the court discards conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *United States ex rel. Harper v. Muskingum Watershed Conservancy District*, 842 F.3d 430, 438 (6th Cir. 2016) (the complaint failed to include "facts that show how" the defendant would have known alleged facts). Finally, assuming the truth of the remaining well-pleaded facts, and drawing all reasonable inferences therefrom, the court determines whether the allegations in the complaint "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Sanchez v. United States Dept. of Energy*, 870 F.3d 1185, 1199 (10th Cir. 2017). *See generally*, *Wagstaff Practice Guide: Federal Civil Procedure Before Trial*, Attacking the Pleadings, Motions to Dismiss § 23.75-23.77 (Matthew Bender & Company, Inc. 2019).

Plausibility means that the plaintiffs' entitlement to relief is more than possible. *Twombly*, 550 U.S. at 570 (the facts plead "must cross the line from conceivable to plausible"); *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1074 (11 Cir. 2017). Allegations that are "merely consistent" with liability are insufficient. *Iqbal*, 556 U.S. at 662; *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

In addition to looking at the facts alleged in the complaint, the court may also consider some limited materials without converting the motion to dismiss into a motion for summary judgment under Rule 56. Such materials include (1) documents attached to the complaint as exhibits, (2) documents incorporated by reference in the complaint,

and (3) matters properly subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *accord Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curium) (citing *Jacobson v. Schwarzenegger*, 357 F.Supp.2d 1198, 1204 (C.D. Cal. 2004)). A document may be incorporated by reference, moreover, if the complaint makes extensive reference to the document or relies on the document as the basis of a claim. *Ritchie*, 342 F.3d at 908.

**V. DISCUSSION**

    **A. Standing**

"The preclusive effect of a federal court judgment is determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008)." *In re Greenstein*, 576 B.R. 139, 159 (Bankr. C.D. Cal. 2017), aff'd, 589 B.R. 854 (C.D. Cal. 2018), aff'd, 788 F. App'x 497 (9th Cir. 2019).

Issue preclusion applies if and only if three elements exist between the parties "(1) an identity of claims; (2) a final judgment on the merits; and (3) the same parties or privity between parties." *In re Damme*, No. 2:19-BK-14142-MKN, 2023 WL 2911610, at *4 (B.A.P. 9th Cir. Apr. 12, 2023), aff'd sub nom. *In re Van Damme*, No. 23-60023, 2024 WL 3508512 (9th Cir. July 23, 2024), citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).[2]

---

[2] Issue preclusion has been fairly raised notwithstanding any imprecision in the verbiage in the scheduling order. Order 2:10-18, ECF No. 33 ("doctrine of claim preclusion (res judicata"). That is true for two reasons. First, it was fairly raised by PHH Mortgage et al. in their original motion to dismiss. Mot. Dismiss 2:9-11, ECF No. 8 ("This Motion is made on the grounds that (1) Plaintiffs lack standing to challenge the loan at issue because they are not the borrowers, (2) Plaintiffs' claims have already been litigated and determined adversely to them, with judgment entered in favor of Defendants..."); see also Mem. P.& A. 21:14-16, ECF No. 10 ("the underlying claims and theories are nearly identical." Second, the term "res judicata" includes both claim preclusion (including merger and bar) and issue preclusion. *In re Associated Vintage Grp., Inc.*, 283 B.R. 549, 555 (B.A.P.

Only the first and second elements are in play here. First, there must be identity of claims.

> To determine whether claims are identical, we consider four criteria: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*In re Van Damme*, 2023 WL at 4, citing *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

The fourth element is the most important. *Id.*

Here, the gist of each action was the parties' rights and duties from the 1999 loan from BYL Bank Group and Lei Wilkinson and from the bank's assignee's exercise of its foreclosure rights, including all required notices and offers to allow cure. All four factors weigh in favor of the identity of claims. But most powerful is that both actions share a common nucleus of operative facts, *viz.*, the 1999 loan and its foreclosure. For these reasons, the court finds identity of claims.

Second, for the purposes of issue preclusion, there is a final judgement on the merits.[3] *In re Damme*, No. 2:19-BK-14142-MKN, 2023 WL 2911610, at *4 (B.A.P. 9th Cir. Apr. 12, 2023)(standing), aff'd sub nom. *In re Van Damme*, No. 23-60023, 2024 WL 3508512 (9th Cir. July 23, 2024); *Ghalehtak v. Fay Servicing, LLC*, 304 F.Supp.3d 877, 888, fn 6

---

9th Cir. 2002) ("claim preclusion" includes doctrines of "merger" and "bar" that foreclose litigation of matters that have never been litigated…'{I]ssue preclusion," although often inaccurately called "collateral estoppel," actually includes doctrines of direct estoppel and of collateral estoppel, both of which foreclose relitigation of matters that have been actually litigated.").

[3] Admittedly, the result is different for the purposes of claim preclusion. *Fleck & Associates, Inc. v. City of Phoenix*, 471, F.3d 1100, 1106-1107 (9th Cir. 2006). Plaintiffs' Brief 8:14-27, ECF No. 37.

8

(N.D. Cal. 2018); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213 (10th Cir. 2006); *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 334 U.S. App. D.C. 280, 166 F.3d 1243, 1248 (D.C. Cir. 1999); ("[i]n fact, under principles of issue preclusion, even a case dismissed without prejudice has preclusive effect on the jurisdictional issue litigated."); *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999); *GAF Corp. v. United States*, 260 U.S. App. D.C. 252, 818 F.2d 901, 912 (D.C. Cir. 1987).

Here, the District Court litigated to conclusion the precise issue of the plaintiffs standing under the 1999 promissory note and the events that followed and, after thoughtful consideration, held that the plaintiffs lacked standing. As a result, the first four causes of action will be dismissed with prejudice. *In re Damme*, 2023 WL 2911610, at *5.

**B. Stay Violations**

Section 362 provides the rule of decision.

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> >
> > (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
> >
> > (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> >
> > (4) any act to create, perfect, or enforce any lien

9

```
                against property of the estate;

                (5) any act to create, perfect, or enforce against
                property of the debtor any lien to the extent that
                such lien secures a claim that arose before the
                commencement of the case under this title;

                (6) any act to collect, assess, or recover a claim
                against the debtor that arose before the commencement
                of the case under this title...
```

11 U.S.C. § 362(a).

Property of the estate includes "all of the legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Whether the debtor has such a property interest is a question of state law. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *Eden Place LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1127 (9th Cir. 2016).

As a rule, where the beneficiary of the deed of trust is the successful bidder at the foreclosure sale, the sale is final on the acceptance of the highest and last bid and is deemed perfected as of 8:00 a.m. as of the actual sale date if a deed is recorded in a timely manner. Cal. Civ. Code § 2924h(c); *In re Hager*, 651 B.R. 873, 881 (Bankr. E.D. Cal. 2023). In 2020, the legislature enacted complex exceptions to the rule for certain prospective owners and non-profits, which extended the periods of finality and perfection in some circumstances. See Cal. Civ. Code § 2924m(c); *Hager*, 651 B.R. at 881-882. Because the successful bidder was the holder of the deed of trust and there is no indication that overbids were submitted, the general rule controls.

Where, as here, a foreclosure sale occurs but a bankruptcy is filed prior to the date the deed is recorded, on the date of the petition the debtor holds bare legal title. *Hager*, 651 B.R. at 881;

1  *Davisson v. Engles (In re Engles)*, 193 B.R. 23, 25, 27-28 (Bankr. S.D.
2  Cal. 1996).  In such instances, the foreclosing lender may record the
3  Trustee Deed Upon Sale without violating the say, only (1) without
4  leave of court not later than 21 days of the foreclosure sale, 11
5  U.S.C. § 362(b)(3); Cal. Civ. Code § 2924h(c); or (2) after an order
6  lifting the stay to allow recordation.  11 U.S.C. § 362(d); Fed. R.
7  Bankr. P. 4001(a).  Other recordations of the Trustees Deed Upon Sale
8  violate the stay and are void.  Compare *In re Stork*, 212 B.R. 970, 971
9  (Bankr. N.D. Cal. 1997) (deed recorded outside the safe harbor) with
10 *Bebensee-Wong v. Fannie Mae*, 248 B.R. 820, 823 (B.A.P. 9th Cir. 2000)
11 (recordation of the deed within the safe harbor).

   The only alleged stay violation was the untimely recordation of the Trustee's Deed Upon Sale.  The sale occurred September 26, 2024, and the Trustee's Deed Upon Sale was recorded December 5, 2025. Compl. ¶ 5.25, ECF No. 1.  As to Aldrige Pite, LLP, neither the complaint, nor the Trustee's Deed Upon Sale, had any such involvement on the part of that firm and the motion will be granted with leave to amend.  All other defendants concede the violation.  Mem. P.& A. 27:20-24, ECF No. 10.  As a result, a plausible stay violation has been plead and, as to those defendants, the motion will be denied.

**VI. CONCLUSION**

For each of these reasons, the motion will be granted with prejudice as to the first four causes of action.  As to the fifth cause of action, the motion will be granted with leave to amend, and denied as to all other defendants.  An order will issue from chambers.

Dated: September 16, 2025

_____
Fredrick E. Clement
United States Bankruptcy Judge

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC, if checked ____, via the U.S. mail.

| **Plaintiff**(s) | **Attorneys for the Defendant**(s) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |